UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KYLE Z. MAZZA,

    Plaintiff,

  v.                                       Case No. 19-cv-1724-pp

ANDREW M. SAUL,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff did not use the court's current form when requesting to proceed without prepaying the filing fee, but the outdated form he did file indicates that the plaintiff is not employed—he last worked between October 2017 and February 2018, it appears that he is not married, and it appears that he has no dependents he is

responsible for supporting. Dkt. No. 3 at 2-4. The plaintiff lists no income and no expenses, he does not own a car or a home or any other property of value, and he has no cash on hand or in a checking or savings account. Id. at 2-5. The plaintiff states, "I live with my mom and dad and they pay all of my living expenses," id. at 4, "I have no income, I only have Medicare. I rely on my parents for everything," id. at 6. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that he was denied Social Security benefits by the Commissioner and that the decision finding the plaintiff not disabled is not in accordance with the purpose and intent of the Social Security Act, is not supported by substantial evidence and is contrary to law. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in

fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 26th day of November, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**